LEMUEL P. GROSVENOR *vs.* HENRY B. LLOYD.

A dormant partner is not liable for debts of the firm contracted after a dissolution of
the partnership, although he does not give notice of such dissolution.

ASSUMPSIT for the use and occupation of a stable from April
1st to May 2d, 1835. At the trial, in the court of common
pleas, before *Ward*, C. J. the evidence, so far as it bears upon
the point hereinafter decided, was this : The plaintiff, in No-
vember, 1831, demised said stable, (whether orally, or in writ-
ing, did not appear,) to I. Stone, who, with D. Stone and L.
Doolittle, his partners in the business of keeping a livery stable,
took possession thereof, and there carried on their said business.
The sign over the door was " I. Stone & Co.," and it remain-
ed unaltered until May 2d, 1835. On the first of April, 1834,
Doolittle withdrew from the partnership, and sold all his right
and interest therein to the defendant, who was then admitted as
a partner with I. and D. Stone. The defendant gave evidence
that this last partnership was dissolved on the 1st of April,
1835 ; and the plaintiff gave evidence of the defendant's ac-
knowledgment that he continued to be a partner after that day.
I. Stone occupied the stable from that day until the 2d of May
following, when he quitted it; and he was the only active part-
ner from November, 1831, to said 2d of May.

The judge instructed the jury " that the rent of the stable, in
which the partnership business was carried on, was a fair charge
against all the partners ; and even if the defendant was a secret

partner, he was liable, with the other partners, for the rent. That the defendant was a partner on the 1st of April, and had so been long before, and that if I. Stone, with the same sign over the door, and ostensibly in the same manner, occupied the stable, after April 1st, 1835, as he had done before, the plaintiff had a right to charge all the partners for the rent, until he had notice of the dissolution of the partnership."

The verdict was for the plaintiff, and the defendant excepted to these instructions.

*Paine*, for the defendant. A dormant partner is not liable for debts contracted after the partnership is dissolved, though notice of the dissolution be not given. 3 Kent Com. (1st ed.) 40. And if the defendant were not a dormant partner, yet he is not liable for rent. The lessee, I. Stone, was alone liable. The defendant's being a copartner did not make him a co-lessee. *Hurd* v. *Cushing*, 7 Pick. 169.

*Field*, for the plaintiff, insisted that the instructions did not necessarily import any thing more than that the defendant was liable *while* he was a partner; and that as there was evidence of the defendant's acknowledgment that he continued to be a member of the firm after April 1st, 1835, a new trial should not be granted merely because the instructions may have been ambiguous. He also cited *Howe* v. *Thayer*, 17 Pick. 91. *Goddard* v. *Pratt*, 16 Pick. 428.

Shaw, C. J. delivered the opinion of the court. After stating the directions given to the jury, as to the liability of the defendant, he proceeded thus : The court are of opinion, that this direction was not correct. A dormant partner is liable for debts contracted whilst he is a partner, not because credit is given to him, but because he is in fact a contracting party, taking part of the profits of such contracts. But when he ceases to be in fact a partner, the reason ceases, and he is no longer liable. He is not liable as a contracting party, because the partnership name, under which the remaining partners continue to transact business, no longer includes him, though that name may remain the same ; and he is not liable as holding out a false credit for the firm, because the case supposes that he is not known

as a partner, and therefore the firm derives no credit whilst he remains a secret or dormant partner. No customer, therefore, or other person dealing with the firm can be disappointed in any just expectations, if he silently withdraws from the firm. A very different rule would apply where one had been a known or ostensible partner, and held himself out as such.

It is stated in the bill of exceptions, that there was evidence tending to show that Lloyd admitted himself to be a partner after the first of April ; but by the instructions given to the jury in point of law, the consideration of this evidence became immaterial, and the jury might have found their verdict for the plaintiff without passing upon it.

Exceptions allowed ; and the verdict to be set aside, and a new trial had at the bar of the court of common pleas.